IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KF FRANCHISING, LTD., | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:17-cv-3849 |
| | § § | Jury |
| TASONE INC., STEVE BOLES, and RAZIJE ELEZ, | § § § | |
| Defendants. | § | |

## Defendants' Motion to
## Dismiss for Lack of Personal Jurisdiction

Defendants Steve Boles, Razije Elez, and Tasone, Inc., hereafter referred to collectively as "Boles" file and serve their Motion to dismiss plaintiff's claims for lack of personal jurisdiction. In support of this motion, defendants respectfully show the following:

### Facts

In September 2016, the plaintiff (KFF) filed an almost identical lawsuit in state district court in Houston.[1] The state court dismissed, with the exception of one small breach of contract claim, for lack of personal jurisdiction all of plaintiff's claims, including all of its infringement, misappropriation, trade secret and breach of non-compete claims.[2] KFF did not appeal that order.

---

[1] Exhibit 1 is a copy of plaintiff's state court petition.

[2] March 23, 2017 order by the 215th District Court, Exhibit 2.

1

**Argument & Authorities**

1. **Collateral estoppel: the state court already decided personal jurisdiction is lacking**

When a Texas state court decides that it does not have personal jurisdiction over a defendant, collateral estoppel or issue preclusion prevents the plaintiff from refiling its claims in federal court. *See Deckert v. Wachovia Student Fin. Servs.*, 963 F.2d 816, 819 (5th Cir.1992) (collateral estoppel precluded plaintiff from relitigating in federal court issue of personal jurisdiction when state court had already decided personal jurisdiction was lacking).

*Deckert* is similar to this case. As the plaintiff in *Deckert* did, KFF sued in state court, the defendants contested personal jurisdiction, and the state court decided it lacked personal jurisdiction. As in *Deckert*, KFF chose not to appeal the state court's ruling, but instead refiled its claims in federal court. In *Deckert*, the Fifth Circuit ruled that the issue of personal jurisdiction had been decided by the state court, which expressly held that Texas courts did "not have personal jurisdiction over the Defendant's person or property . . . ." Therefore, the plaintiff's federal lawsuit had properly been dismissed.[3]

In our case, the state court expressly ruled "that with the sole exception of plaintiff's breach of contract claims for monetary sums that are past due, all of plaintiff's claims, including KFF's claims involving intellectual property, misappropriation, trade secrets, infringement of trade marks or copyrights, violations of the Texas Uniform Trade Secrets Act, unfair competition, competition, breach of non-compete agreements, holding over and

---

[3]*Deckert v. Wachovia Student Fin. Servs.*, 963 F.2d 816, 819 (5th Cir.1992).

continuing to operate, and the breach of contract claims based upon these allegations, such as "failing to abide by the requirements and obligations related to operating the store," "taking, disclosing and/or using KFF's confidential information and proprietary information," and "competing against KFF in violation of the noncompetition provision" are dismissed for want of jurisdiction."

Because the Texas state court already decided that personal jurisdiction is lacking, this Court should dismiss KFF's lawsuit.

**2.       Alternatively, forum selection clause did not survive contract termination**

If KFF is correct that it terminated the Franchise Agreement on September 7, 2016,[4] then the forum selection clause that KFF relies upon would not apply.

When an agreement contains both a survival clause and a forum selection clause, but the forum selection clause is not enumerated in the survival clause as one of the clauses surviving termination of the agreement, the forum selection clause does not survive and does not apply to disputes between the parties after termination of the agreement. *See TSI USA, LLC v. Uber Technologies, Inc.*, Civ. Action No. 3:16-cv-2177-L, 2017 WL 106835, at *5 (N.D. Tex. Jan. 11, 2017). The *TSI* court stated:

> The Court finds TSI's interpretation to be more persuasive. A plain reading of the terms of the Contract suggests that the Forum-Selection Clause does not survive the Contract's termination. A survival clause's purpose is to enumerate any clauses that will remain in effect after the agreement's termination. The omission of the Forum-Selection Clause from the Survival Clause therefore

---

[4]KFF's Complaint, p. 21, ¶ 67, "KFF terminated the Franchise Agreement on September 7, 2016."

3

suggests that the parties did not intend for the Forum-Selection Clause to survive termination of the agreement. As the maxim "expressio unius est exclusio alterius" provides, the "mention of one matter implies the exclusion of all others."

*Id*.

KFF's only alleged basis for personal jurisdiction is that the "Defendants also agreed to submit to the jurisdiction of any federal District Court sitting in Harris County, Texas in the Franchise Agreement and Guaranty . . . ."[5]

The Franchise Agreement's (and Guaranty's) survival clause is located in section 12(b).[6] However, it does not enumerate the forum selection clauses as on of the clauses that survives termination.

Therefore, because the forum selection clause does not apply and it is the only basis that KFF relies upon for personal jurisdiction, KFF's claims should be dismissed for lack of personal jurisdiction.

**3.     Alternatively, KFF waived the forum selection clause**

"[W]hen a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause on the claims it pursues." *Unity Creations, Inc. v. Trafcon Indus., Inc.*, 137 F.Supp.2d 108, 111 (E.D.N.Y.2001).

The forum selection clause that would arguably apply to KFF's infringement and misappropriation claims provides in relevant part: "The parties agree that any action based

---

[5]KFF's Complaint, p. 2, ¶ 5.

[6]Plaintiff's Exhibit A, p. 19, §12(b).

on infringement of any of the Marks or Copyrighted Materials, or misappropriation of Company's other intellectual property . . . shall be litigated in any federal District Court sitting in Harris County, Texas."[7] Although this clause chose the federal district courts in Harris County, Texas as the exclusive jurisdiction for infringement and misappropriation claims, KFF chose to disregard (i.e., waive) that clause when it filed those claims in Texas state court in 2016.

Because KFF waived that forum selection clause, it cannot now claim jurisdiction under that clause, and all of its claims related to infringement and misappropriation should be dismissed for lack of personal jurisdiction.

## Prayer

For the foregoing reasons, plaintiff's claims should be dismissed for lack of personal jurisdiction.

    Respectfully submitted,

    THE DIETRICH LAW FIRM

    By:    /s/ Fred Dietrich
    Fred Dietrich (05857050)
    3730 Kirby Dr., Suite 1175
    Houston, Texas 77098
    Tel.: 713.830.7687
    Fax: 713.893.6044
    fdietrich@dietrich-law.com

    **ATTORNEY FOR DEFENDANTS TASONE, INC., STEVE BOLES, AND**

---

[7]Plaintiff's Exhibit A, p. 34, § 24(e).

## RAZIJE ELEZ

### Certificate of Service

I certify that a true and correct copy of this Motion for to Dismiss for Lack of Personal Jurisdiction was served by e-service or the courts ECF system on March 6, 2018 on:

| | |
|---|---|
| Ms. Deborah S. Coldwell<br>State Bar No. 04535300<br>deborah.coldwell@haynesboone.com<br><br>**ATTORNEY FOR PLAINTIFF**<br>**KF FRANCHISING, LTD.** | via ECF system |

/s/ Fred Dietrich

Fred Dietrich