IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KF FRANCHISING, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:17-cv-3849 |
| | § | Jury |
| TASONE INC., STEVE BOLES, and | § | |
| RAZIJE ELEZ, | § | |
| | § | |
| Defendants. | | |

**Defendants' Reply to
Plaintiff's Response to
Defendants' Motion to
Dismiss for Lack of Personal Jurisdiction**

Defendants reply as follows to Plaintiff's Response to Defendants' Motion to Dismiss for

Lack of Personal Jurisdiction (Doc. 14):

**1.A.    Collateral estoppel: the state court dismissed for lack of personal jurisdiction**

KFF argues that "Collateral estoppel does not apply because the state court dismissed KFF's

claims for lack of *subject matter* jurisdiction – not *personal* jurisdiction.[1]

KFF alleges the same basis for personal jurisdiction in this federal case as it did in its state

court case:

1.    KFF's state court petition alleged: "the parties agreed to submit to the jurisdiction

of any federal or state district court in Harris County, Texas pursuant to the

---

[1] Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ,Doc. 14, p. 3 (italics in the original).

1

Franchise Agreement and Guaranty;"[2] and

2.      KFF's federal complaint alleges defendants: "agreed to submit to the jurisdiction of any federal District Court sitting in Harris County, Texas in the Franchise Agreement and the Guaranty."[3]

In the Texas state court lawsuit, defendants filed (1) their Special Appearances,[4] (2) "Motions to Dismiss for Lack of Personal Jurisdiction & First Supplemental Special Appearances,"[5] and, KFF filed (3) its "Response to Defendants' Verified Special Appearance."[6]

The state court considered the parties' filings and granted defendants' special appearances by ruling: "The Court has fully considered defendants' **Motions to Dismiss for Lack of Personal Jurisdiction** (Special Appearances), all timely filed responses, the pleadings, and arguments of counsel. Upon such full consideration, the Court finds that defendants' motions are meritorious, and the Court **GRANTS defendants' special appearances**. **Therefore, it is ordered** that with the sole exception of plaintiff's breach of contract claim for monetary sums that are past due, all of plaintiff's claims . . . are dismissed for want of jurisdiction."[7]

Despite defendants' plainly worded state court special appearances "to dismiss for lack of

---

[2]KFF's state court petition, Doc. 8-1, p. 2, ¶ 5.

[3]KFF's Complaint, Doc. 1, p. 2, ¶ 5.

[4]Defendants' state court Special Appearances is attached as Exhibit 3. Under Texas Rules, a defendant challenges personal jurisdiction by making a "special appearance." *See* Tex. R. Civ. P. 120a.

[5]A copy of the defendants' Motions to Dismiss for Lack of Personal Jurisdiction & First Supplemental Special Appearances is attached as Exhibit 4.

[6]A copy of Plaintiff's [state court] Response to Defendants' Verified Special Appearance, is attached as Exhibit 5.

[7]Defendants' Exhibit 2 (Doc. 8-2), pp. 1-2. (Bolding added.)

personal jurisdiction," KFF's own "Response to Defendants' Special Appearances," and the plain words used by the state judge in her March 31, 2017 Order "GRANTING defendants' special appearances," KFF argues – incredibly – that "Collateral estoppel does not apply because the state court dismissed KFF's claims for lack of *subject matter* jurisdiction – not *personal* jurisdiction.[8]

KFF's argument is patently wrong, and KFF is precluded from relitigating personal jurisdiction in this Court.[9]

**1.B.    Collateral estoppel: No magic words are required for dismissal**

KFF makes a "magic words" argument. KFF contends that a state court order does not decide the personal jurisdiction issue unless the order expressly states that the court did "not have jurisdiction over the Defendant's person and property."[10] Without any supporting authority, KFF contends that without these magic words, a state court order dismissing claims for "want of jurisdiction" does not decide the personal jurisdiction issues – even though the same order states "The Court has fully considered defendants' **Motions to Dismiss for Lack of Personal Jurisdiction** (Special Appearances), all timely filed responses, the pleadings, and arguments of counsel. Upon such full consideration, the Court finds that defendants' motions are meritorious, and the Court **GRANTS defendants' special appearances**."[11] KFF's argument is plainly wrong. The cases are

---

[8] Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14), p. 3 (italics in the original).

[9] "[A] ruling of a court of the State of Texas that it does not have in personam jurisdiction has preclusive effect in a later-filed suit in a Texas federal district court where in personam jurisdiction again is questioned." *Valdez v. Kreso, Inc.*, 144 F.Supp.2d 663, 667 (N.D.Tex.2001) (citing *Deckert v. Wachovia Student Financial Services, Inc.*, 963 F.2d 816, 819 (5th Cir.1992)). It is a "rule of long standing that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Id.* (citations omitted).

[10] KFF's Response to Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14), pp, 3-4.

[11] Defendants' Exhibit 2 (Doc. 8-2), p. 1. (Bolding added.)

3

legion where courts use the phrase "dismissed for want of jurisdiction" to mean dismissed for lack of personal jurisdiction.[12]

Likewise, KFF's contention that the state court "made no finding as to jurisdiction over Defendants' person or property,"[13] is also wrong. The state court order expressly states "the Court **finds** that defendants' motions are meritorious, and the Court **GRANTS defendants' special appearances**. . . all of plaintiff's claims . . . are dismissed for want of [personal] jurisdiction."[14] Moreover, although KFF could have appealed the state court order,[15] it chose not to. KFF cannot now complain about the state court's order.

KFF also confusingly seems to argue that a state court order cannot dismiss claims for lack of personal jurisdiction, but instead must state the court has "no jurisdiction over the Defendants' person or property." However, no magic words are necessary, and a court must decide whether it has jurisdiction over individual claims. A plaintiff must prove a court has personal jurisdiction over each specific claim. "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."[16] Accordingly, it is appropriate for a court to dismiss particular claims for lack of personal jurisdiction.

---

[12]*See, e.g., Austin & Austin Enterprises, Inc. v. Equinox Capital Corp.*, 2002 WL 59036, at *6 (Tex.App.-Houston [14th Dist.] Jan. 17, 2002, no pet.) (Dismissing for lack of personal jurisdiction by ruling "We reverse the order of the trial court and render judgment **dismissing the case for want of jurisdiction**."). (Emphasis added.)

[13]Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 14), p. 2.

[14]Defendants' Exhibit 2 (Doc. 8-2), p. 1 (emphasis added).

[15]*See* Tex. Civ. Prac. & Rem. Code §51.014(7).

[16]*Seiferth v. Helicopteros Attuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

4

## 2.      Alternatively, the forum selection clause did not survive contract termination

It is undisputed that KFF wrote the Franchise Agreement and Guaranty, and this Court should not rewrite KFF's agreements for it. Although KFF now says "there is no survival clause in the Franchise Agreement," the plain words KFF chose when it wrote section 12(b) prove otherwise.[17]

KFF tries to confuse the issue by arguing that other clauses in the Franchise Agreement (e.g., section 12(b)(2)) must survive KFF's termination of the agreement; therefore, the forum selection clause must also survive termination; but KFF is comparing apples to oranges. There is no dispute that KFF can pursue a lawsuit; the dispute is whether the plain words of the agreement would require the defendants to litigate in this Court. KFF's own agreement says no.

## 3.      Alternatively, KFF waived the forum selection clause

KFF was the plaintiff in the state court suit. And, the forum selection clause that defendants argue KFF waived is not an arbitration clause. Accordingly, this is not the usual case questioning whether a defendant waived a forum selection clause, and the Federal Arbitration Act's strong presumption against waiver should not apply.[18]

The issue is whether KFF intended to waive the forum selection clause without the benefit of any presumptions against waiver. The clause required KFF to file certain claims in federal court, but instead, KFF chose to file those claims in state court.[19] KFF's filing its lawsuit in state court, in

---

[17]Section 12(b) provides in part: "[E]ach of which shall survive the expiration or termination of this Agreement and shall be perpetually binding upon Franchisee."

[18]There is a strong presumption against waiver under the FAA. *See In re Serv. Corp. Int'l*, 85 S.W.3d 171, 174 (Tex.2002).

[19]It is undisputed that the factual allegations in KFF's federal complaint are almost identical to the allegations in its state court petition.

disregard of the clause, is strong evidence of its intent to waive the clause. *See, e.g., Nicholas v. KBR, Inc.*, 565 F.3d 904, 908 (5th Cir.2009) ("[S]hort of directly saying so in open court, it is difficult to see how a party could more clearly evince a desire to resolve a dispute through litigation rather than arbitration than by filing a lawsuit going to the merits of an otherwise arbitrable dispute."). Additionally, when the defendants sought to have KFF's state court case dismissed, KFF fought to keep its case in the state court.[20] Moreover, KFF prosecuted its state court lawsuit for 15 months (Sept. 2016 to December 2017) before finally non-suiting and refiling an almost identical case in this Court.[21] Accordingly, evidence of KFF's intent to waive the forum selection clause is so strong that it is fair to conclude that KFF expressly waived the clause.

KFF wrote the Franchise Agreement, including the forum selection clause. KFF's actions show that it expressly waived the forum selection clause.[22] Again, the forum selection clause is not an arbitration clause, so there should be no presumption against waiver.

## Conclusion

For the foregoing reasons, plaintiff's claims should be dismissed for lack of personal jurisdiction.

---

[20]See Plaintiff's [state court] Response to Defendants' Verified Special Appearance, is attached as Exhibit 5.

[21]Compare KFF's state court petition, Exhibit 1 (Doc. 8-1), with KFF's federal complaint.

[22]Although no ruling from the Fifth Circuit on this issue was found, some courts have decided, even for an arbitration clause, that when express waiver has occurred, "the party opposing arbitration should not have to show prejudice because the moving party has knowingly relinquished a contractual right." *Triton Container Int'l Ltd. v. Baltic Shipping Co.*, Civ. A. Nos. 95–0427, 95–2229, 1995 WL 729329, at *3 (E.D.La. Dec. 8, 1995), affirmed by, *Triton Container Int'l Ltd. v. Baltic Shipping Co.*, 95 F.3d 54 (5th Cir.1996) (unpublished).  *See also Okorafor v. Uncle Sam & Assocs., Inc.*, 295 S.W.3d 27, 39 (Tex.App.-Houston [1st Dist.] 2009, pet. denied.)(stating that the test for express waiver differs from implied waiver, and the test for express waiver does not include a showing of prejudice to the party opposing the motion to compel arbitration.).

6

Respectfully submitted,

THE DIETRICH LAW FIRM

/s/ Fred Dietrich

By: _____

Fred Dietrich (05857050)
3730 Kirby Dr., Suite 1175
Houston, Texas 77098
Tel.: 713.830.7687
Fax: 713.893.6044
fdietrich@dietrich-law.com

**ATTORNEY FOR DEFENDANTS TASONE, INC., STEVE BOLES, AND RAZIJE ELEZ**

## Certificate of Service

I certify that a true and correct copy of this Reply to Plaintiff's Response to Motion to Dismiss for Lack of Personal Jurisdiction was served by e-service or the courts ECF system on March 30, 2018 on:

Ms. Deborah S. Coldwell                                           via ECF system
State Bar No. 04535300
deborah.coldwell@haynesboone.com

**ATTORNEY FOR PLAINTIFF
KF FRANCHISING, LTD.**

/s/ Fred Dietrich

_____

Fred Dietrich

7