**Defendants' Exhibit 4**

3/23/2017 11:25:30 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 16045641
By: BOVELL, JOSHUA J
Filed: 3/23/2017 11:25:30 PM

Cause No. 2016-65698

| | | |
|---|---|---|
| KF FRANCHISING, LTD., § | | IN THE DISTRICT COURT OF |
| Plaintiff, § | | |
| v. § | | HARRIS COUNTY, TEXAS |
| TASONE INC., STEVE BOLES, AND RAZIJE ELEZ, § | | |
| Defendants. § | | 215th JUDICIAL DISTRICT |

**Defendants'**
**Motions to Dismiss for Lack of Personal Jurisdiction**
**& First Supplemental Special Appearances**

TO THE HONORABLE COURT:

Defendant Tasone, Inc. (Tasone) and defendants Mr. Steve Boles and Ms. Razije Elez (hereafter Mr. and Mrs. Boles), pursuant to Tex. R. Civ. P. 120a and the constitutional guarantee of due process, move for an order dismissing for lack of personal jurisdiction all of plaintiff KF Franchising, LTD's (KFF's) claims, except its "collection litigation" claims (i.e., breach of contract claims for monetary sums that are past due).

In support of their motions, defendants respectfully show the following:

**Summary of the Argument**

The defendants only consented to be sued in this Court for "collection litigation" claims (i.e., breach of contract claims for monetary sums that are past due). Otherwise, the defendants never consented to be sued in this Court and they do not have minimum contacts with Texas. Accordingly, with the sole exception of plaintiff's breach of contract claims for

1

Certified Document Number: 74383763 - Page 1 of 9

monetary sums that are past due, all of plaintiff's other claims are severable[1] and should be dismissed for want of jurisdiction.

## Facts

This lawsuit involves one Kolache Factory franchised store near Denver, Colorado that was operated for a few months in 2016 by Mr. and Mrs. Boles's company, Tasone, Inc.

KFF alleges Tasone breached the parties' Franchise Agreement by "failing to pay all amounts due"[2] and that Mr. and Mrs. Boles therefore breached their Guaranty agreement.[3] KFF also claims the defendants misappropriated its intellectual property,[4] illegally competed against it,[5] and that such alleged misappropriation and competition also were breaches of the Franchise Agreement.[6]

Although the Franchise Agreement and Guaranty agreement were signed in early 2015, Tasone did not begin operating a Kolache Factory store until April 2016. Indeed, Tasone operated the Kolache Factory store for less than 5 months, and it operated the store only in Colorado. By early September 2016, KFF had terminated the Franchise Agreement, and the defendants had stopped using all of KFF's marks, methods, property and other

---

[1] "A special appearance may be made as to an entire proceeding or as to any severable claim involved therein." Rule 120a(1).

[2] Plaintiff's Original Petition, p. 10, ¶ 37.

[3] Plaintiff's Original Petition, p. 11, ¶ 44.

[4] Plaintiff's Original Petition, pp. 12-13.

[5] Plaintiff's Original Petition, pp. 13-14.

[6] Plaintiff's Original Petition, p. 10, ¶ 37.

Certified Document Number: 74383763 - Page 2 of 9

information.

Defendant Tasone, Inc. is a corporation that is incorporated under the laws of Colorado, and its principal and exclusive place of business was and is in Colorado. Likewise, Mr. and Mrs. Boles reside and resided only in Colorado.

The defendants have virtually no contacts with Texas.  The defendants:

1. are not, and have never been, residents of Texas;

2. are not, and have never been, licensed to do business in Texas;

3. do not maintain, and have never maintained, an agent for service of process within Texas;

4. do not maintain, and have never maintained, an office in Texas;

5. do not have, and have never had, a mailing address in Texas;

6. do not have, and have never had, employees, servants, or agents in Texas;

7. do not and have never manufactured anything in Texas;

8. do not perform, and have never performed, any services in Texas;

9. do not have, nor have they ever had, a telephone directory listing or other commercial listing in Texas;

10. do not and have never owned, leased or had any interest in property in Texas;

11. do not have, and have never had, personal property, or other assets in Texas;

12. do not and have never sold any products, services, or anything else in Texas;

13. did not continue to use any of KFF's marks, methods, property or information after KFF terminated the Franchise Agreement;

14. were never served with process in this lawsuit by certified mail;

3

15. although KFF required Tasone to make a one-time purchase of about $5,000 of goods and a few minor subsequent purchases of packaging supplies from a Texas company, those goods and supplies were received by Tasone in Colorado; the defendants otherwise never bought products from persons in Texas, and the defendants never sold anything in Texas;

16. the defendants do not and have never advertised in local Texas media;

17. have never sued anyone or utilized the court system in Texas;

18. have not developed a substantial connection with Texas, purposefully or otherwise;

19. do not, and have never had, continuous or systematic contacts with Texas;

20. do not have, and have never had, an active website;

21. do not consider Texas as their home state; and

22. did not agree or consent to personal jurisdiction in this Texas state court for any claims other than KFF's "collection litigation" claims.[7]

The parties' agreements did not require any of the defendants to do anything in Texas,[8] and with the exception of Razije Elez's four weeks of training in Houston during March 2016 that was required by KFF, none of the defendants did anything in Texas concerning the parties' agreements. Although Mr. and Mrs. Boles made a one day visit to KFF's offices in Houston prior to the parties' agreements, no one from Tasone ever traveled to or was present in Texas to negotiate the Franchise Agreement with KFF. Mr. and Mrs.

---

[7]*See* Exhibits 1, 2 and 3, Declarations and verifications by each defendant.

[8]Although the Guaranty agreement includes a conclusory phrase that it "is to be performed by Guarantors in Houston . . . .," "court[s] long ago rejected the notion that personal jurisdiction might turn on mechanical tests, or on conceptualistic ... theories of place of contracting or of performance." *2007 E. Meadows, L.P. v. RCM Phoenix Partners, L.L.C.*, 310 S.W.3d 199, 205 (Tex. App.–Dallas 2010, pet. denied).

4

Boles made no other visits to Texas, and they did not negotiate the Guaranty agreement while in Texas. KFF's having an office in Texas was irrelevant to the agreements and was in no way advantageous or beneficial for any of the defendants. KFF's being located in Texas was not a basis for the defendants' agreements. The defendants never sought, nor received any benefit or advantage under Texas law or as a result of KFF's being located in Texas. Virtually everything the defendants did or did not do occurred in Colorado, not in Texas. Although KFF has stores in several states, the Franchise Agreement required Tasone to operate only in Colorado.[9]

Everything that Mr. and Mrs. Boles did or did not do concerning the Franchise Agreement and operation of Tasone's store and business was done solely on behalf of Tasone, Inc.

## Arguments and Authorities

**I.   Only Collection Litigation: Defendants only agreed to collection litigation claims in this Court**

KFF wrongly says this Court has personal jurisdiction over the defendants because "the parties agreed to submit to the jurisdiction of any federal or state district court in Harris County, Texas . . . ."[10] KFF grossly overstates the parties' agreement. Before enforcing a forum-selection clause, a court must determine whether the clause applies to the claims

---

[9]*See* Exhibits 1, 2 and 3, Declarations and verifications by each defendant.

[10]Plaintiff's Original Petition, p. 2, ¶ 5.

5

asserted in the lawsuit.[11] This assessment involves a "common-sense examination of the claims and the forum-selection clause to determine if the clause covers the claims."[12]

The parties' agreements have two litigation forum selection clauses. The first clause provides that KFF **must** file all "intellectual property litigation" exclusively in <u>federal</u> court.[13] The second clause provides that KFF **may** file "collection litigation" in this Texas Court.[14] Therefore, the defendants never consented to being sued in this Court for claims involving "intellectual property litigation." These are two separate and distinct groups of claims, and the intellectual property litigation claims do not arise from, and are not interwoven with, the collection litigation claims.

"Collection litigation" is defined to include only "claims arising from [Tasone's] **failure to pay when due** any royalty or other **monetary obligation** to [KFF]."[15] On the other hand, "intellectual property litigation" is defined to include "any claim arising from [Tasone's] alleged **infringement** of the <u>Marks or Copyrighted Materials</u>, or other alleged **misappropriation** of [KFF's] intellectual property."[16]

---

[11] *Deep Water Slender Wells, Ltd. v. Shell Int'l Expl. & Prod., Inc.*, 234 S.W.3d 679, 687–88 (Tex. App.–Houston [14th Dist.] 2007, pet. denied) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221–22 (5th Cir. 1998)).

[12] *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 677 (Tex. 2009) (per curiam).

[13] Exhibit A to Plaintiff's Original Petition, p. 34, ¶ 24(e).

[14] Exhibit A to Plaintiff's Original Petition, p. 34, ¶ 24(f).

[15] Exhibit A to Plaintiff's Original Petition, p. 34, ¶ 24(f). (Emphasis added.)

[16] Exhibit A to Plaintiff's Original Petition, p. 34, ¶ 24(e). (Emphasis added.)

Consequently, this Court's personal jurisdiction over the defendants is limited to claims defined as "collection litigation" (i.e., breach of contract claims for monetary sums that are past due). All of KFF's other claims, including claims involving intellectual property, misappropriation, infringement, unfair competition, competition, holding over and continuing to operate, and the breach of contract claims based upon these allegations are severable from the "collection litigation" claims and must be dismissed for lack of personal jurisdiction.

The Franchise Agreement, which KFF alone wrote, differentiates between claims falling under "intellectual property litigation"[17] and those for Tasone's "failure to pay when due any royalty or other monetary obligation," i.e., "collection litigation."[18] KFF's claims involving intellectual property, misappropriation, trade secrets, infringement of trade marks or copyrights, violations of the Texas Uniform Trade Secrets Act, unfair competition, competition, breach of non-compete agreements, holding over and continuing to operate, and the breach of contract claims based upon these allegations, such as "failing to abide by the requirements and obligations related to operating the store,"[19] "taking, disclosing and/or using KFF's confidential information and proprietary information,"[20] and "competing against

---

[17]Paragraph 24(e) of the Franchise Agreement. These claims cannot be brought in a Texas state court per the Franchise Agreement.

[18]Paragraph 24(f) of the Franchise Agreement.

[19]KFF's Original Petition, p. 10, ¶ 37.

[20]KFF's Original Petition, p. 10, ¶ 37.

7

Certified Document Number: 74383763 - Page 7 of 9

KFF in violation of the noncompetition provision"[21] are all claims that are severable from its breach of contract claims for monetary sums that are past due, i.e., "collection litigation" claims. KFF's intellectual property litigation claims do not arise from, and are not intertwined with, its collection litigation claims. KFF's claims that go beyond contract claims for past due monetary sums could have and should have been filed elsewhere in a different proceeding, and this Court should dismiss them for lack of personal jurisdiction.

## Prayer

For the foregoing reasons, defendants respectfully pray that with the sole exception of plaintiff's breach of contract claims for monetary sums that are past due, all of plaintiff's claims, including KFF's claims involving intellectual property, misappropriation, trade secrets, infringement of trade marks or copyrights, violations of the Texas Uniform Trade Secrets Act, unfair competition, competition, breach of non-compete agreements, holding over and continuing to operate, and the breach of contract claims based upon these allegations, such as "failing to abide by the requirements and obligations related to operating the store," "taking, disclosing and/or using KFF's confidential information and proprietary information," and "competing against KFF in violation of the noncompetition provision" be dismissed for want of jurisdiction.

---

[21] KFF's Original Petition, p. 10, ¶ 37.

Respectfully submitted,

THE DIETRICH LAW FIRM

By:    /s/ Fred Dietrich
      _____
      Fred Dietrich (05857050)
      3730 Kirby Dr., Suite 1175
      Houston, Texas 77098
      Tel.: 713.830.7687
      Fax: 713.893.6044
      fdietrich@dietrich-law.com

**ATTORNEY FOR DEFENDANTS TASONE, INC., STEVE BOLES, AND RAZIJE ELEZ**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Motion, Notice of Oral Hearing, all exhibits and a proposed order were served by e-service or fax on March 23, 2017 on:

Ms. Deborah S. Coldwell               via eservice
State Bar No. 04535300
deborah.coldwell@haynesboone.com

**ATTORNEY FOR PLAINTIFF
KF FRANCHISING, LTD.**

                                            /s/ Fred Dietrich
                                            _____
                                            Fred Dietrich

Certified Document Number: 74383763 - Page 9 of 9



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 30, 2018

Certified Document Number:        74383763 Total Pages:  9

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**