**Defendants' Exhibit 5**

3/29/2017 2:16:06 PM
Chris Daniel - District Clerk Harris County
Envelope No. 16146429
By: Joshua Bovell
Filed: 3/29/2017 2:16:06 PM

CAUSE NO. 2016-65698

| | | |
|---|---|---|
| KF FRANCHISING, LTD., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| TASONE INC., STEVE BOLES, AND | § | |
| RAZIJE ELEZ, | § | |
| | § | |
| *Defendants.* | § | 215TH JUDICIAL DISTRICT |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FIRST SUPPLEMENTAL SPECIAL APPEARANCES**

Plaintiff KF Franchising, Ltd. ("KFF") files this Response to Defendants TASONE inc. ("Tasone"), Steve Boles ("Boles") and Razije Elez's ("Elez") (collectively, "Defendants") Motions to Dismiss for Lack of Personal Jurisdiction and First Supplemental Special Appearances (the "Motions"). KFF also incorporates its Response to Defendants' Verified Special Appearances (the "Special Appearances") as if fully copied herein.

**SUMMARY OF ARGUMENT**

The Court should deny the Motions. In contrast to their original Special Appearances, Defendants now concede they consented to jurisdiction in this Court for actions to collect any monetary obligations under the Franchise Agreement. Defendants' tortured interpretation of the forum-selection clause's scope is untethered from the express language in the parties' contracts and far from a "common-sense examination." Defendants ignore the fact that the Franchise Agreement authorizes KFF to recovery monetary obligations "***in addition to*** any other remedies available to [KFF] at law or in equity," and their interpretation contradicts the plain language of

Certified Document Number: 74458184 - Page 1 of 6

the Guaranty. The Court should find that personal jurisdiction over the Defendants is proper and deny the Motions and Special Appearances.

## ARGUMENTS AND AUTHORITIES

A.   **Defendants concede the forum-selection clause is valid.**

"[F]orum-selection clauses are prima facie valid." *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 614 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (collecting cases). Texas courts must enforce forum-selection clauses in contracts between parties unless the party opposing enforcement "clearly show[s] that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *In re AIU Ins. Co.*, 148 S.W.3d 109, 112 (Tex. 2004) (orig. proceeding).

Defendants do not make a single allegation in the Motions or the Special Appearances that the forum-selection clause in Section 24(f) of the Franchise Agreement is invalid or that enforcement would be unreasonable or unjust. Nor do Defendants dispute that Tasone signed the Franchise Agreement and that Boles and Elez signed the Guaranty. A defendant expressly consents to, and waives its objection to, personal jurisdiction by executing an agreement with a valid forum selection clause, thus submitting itself to the jurisdiction of Texas, as Defendants have done here. *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 704 (Tex. App.—Dallas 2010, no pet.) Thus, the Court should determine that KFF's claims fall within the broad scope of the forum-selection clause, the jurisdictional inquiry is complete, and there is no need to examine Defendants' minimum contacts with Texas. *In re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) ("[A] contractual 'consent-to-jurisdiction clause' subjects a party to personal jurisdiction, making an analysis of that party's contacts with the forum for personal jurisdiction purposes unnecessary.") (quoting *RSR Corp.*, 309 S.W.3d at 704).

Certified Document Number: 74458184 - Page 2 of 6

### B. All of KFF's claims fall within the broad scope of the forum-selection clause.

Defendants concede that they consented to jurisdiction in this Court for any claims arising from Tasone's "failure to pay when due any royalty or other monetary obligation."[1] However, Defendants argue—*ipse dixit*—that all of KFF's other claims "do not arise from, and are not intertwined with, its collection litigation claims."[2]  This is not a common-sense examination of KFF's claims.  The Franchise Agreement specifically provides that KFF is entitled to liquidated damages for all of its claims against Defendants, including claims under the Texas Uniform Trade Secrets Act (for which KFF seeks a royalty under Section 18(a)) and unfair competition (for which KFF seeks a weekly fee under Section 18(c)).[3]  These claims fall within the broad scope of the forum-selection clause, which includes "*any action* to collect *any sums* that [Tasone] owes [KFF]."[4]

This is consistent with the text of the Guaranty discussing the collection of "Debts," which is defined to include any and all monetary obligations for which Tasone may become obligated pursuant to Sections 18 (the liquidated damages section) and 24 (the forum-selection clause section) of the Franchise Agreement:[5]

> (2) The payment in full when due of all royalties, Ad Fund contributions, Internet/Intranet maintenance fees, and trade accounts payable by the Franchisee to Company;
>
> (3) The payment in full when due of all contributions payable by the Franchisee to any Area Cooperative that the Franchisee may join pursuant to Section 8 of the Franchise Agreement; and
>
> (4) The payment in full when due of any and all amounts for which the Franchisee may become obligated pursuant to Sections 13, 14, 17, 18 and 24 of the Franchise Agreement.
>
> The monetary obligations described in clauses (2) through (4) above are called "Debts".

---

[1] *See* Motions, p. 7; Franchise Agreement, § 24(f).
[2] Motions, p. 8.
[3] Franchise Agreement, § 18 (emphasis added).
[4] Franchise Agreement, § 24(f) (emphasis added).
[5] Guaranty, p. 1.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND
FIRST SUPPLEMENTAL SPECIAL APPEARANCES**  PAGE 3
16224266

Certified Document Number: 74458184 - Page 3 of 6

Defendants mischaracterize and misrepresent the scope of the forum-selection clause in the Franchise Agreement by imbuing the clause with meaning and definitions to limit artificially its scope and application.  This belies any suggestion that the Motions provide a common-sense examination of the claims and scope of the forum-selection clause.  Specifically, Defendants spend much of their briefing arguing about the definitions and mutual exclusivity of "collection litigation" and "intellectual property litigation."  Yet these phrases are not defined in the Franchise Agreement or its Glossary, and Defendants fail to recognize that the Franchise Agreement authorizes KFF to collect weekly fees and royalties for Defendants' wrongful conduct "***in addition to any other remedies*** available to [KFF] at law or in equity."[6] Defendants' conclusory argument that KFF's claims involving the Marks and Copyrighted Materials[7] do not arise from its claims to collect monetary sums due is directly contradicted by the text of the parties' agreements.  The liquidated damages provision in Section 18 of the Franchise Agreement provides that Tasone's continued use of "any of the Marks or element of the System" entitles KFF to ***collect a weekly fee*** from Tasone for such use.  Likewise, the Guaranty defines the monetary obligations described in Section 18 (and other sections) as "Debts," which KFF may bring suit or take other action "***to enforce collection of the Debts***."[8]

---

[6] The phrases "intellectual property litigation" and "collection litigation" each appears only a single time in the entire Franchise Agreement, at the end of Sections 24(e) and (f) respectively.  By contrast, the phrase "in addition" appears no less than ten times with respect to potential remedies KFF could seek for violations of the Franchise Agreement.

[7] Capitalized words not defined herein have the meanings ascribed to them in the Franchise Agreement or the Glossary.

[8] Defendants appear to confuse the concepts of sufficiency and necessity when they suggest that this Court lacks personal jurisdiction because Defendants were "never served with process in this lawsuit by certified mail."  The Franchise Agreement provides that the parties agreed "that service of process by certified mail, return receipt requested, shall be ***sufficient*** to confer *in personam* jurisdiction over them in connection with any collection litigation."  Franchise Agreement, §24(f) (emphasis added).  The agreement does not provide that service by certified mail is ***necessary or the sole means*** to confer jurisdiction.  In any event, Defendants were personally served with process on October 10, 2016, and the returns of service were filed with the Court on October 12, 2016.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**
**FIRST SUPPLEMENTAL SPECIAL APPEARANCES**                                      PAGE 4
16224266

Certified Document Number: 74458184 - Page 4 of 6

Accordingly, all of KFF's claims—including those regarding the continued use of the Marks and Copyrighted Materials and Defendants' unfair competition—arise from monetary obligations Defendants owe KFF under the parties' agreements and seek collection of weekly fees and royalties. Defendants' tortured interpretation of the forum-selection clause—while illuminating—conflicts with the plain language of the parties' agreements and therefore does not constitute a common-sense examination of the clause. This Court should deny the Motions and the Special Appearances.

## CONCLUSION

Therefore, for the reasons discussed above and as the evidence and argument at the Special Appearance hearing will show, KF Franchising, Ltd. respectfully requests that this Court deny Defendants' Motions and Special Appearances and grant KF Franchising, Ltd. any and all further relief to which it is entitled.

Respectfully submitted,

*/s/ Deborah S. Coldwell*
Deborah S. Coldwell
State Bar No. 04535300
deborah.coldwell@haynesboone.com
Taylor Rex Robertson
State Bar No. 24093050
taylor.robertson@haynesboone.com
HAYNES AND BOONE, L.L.P.
2323 Victory Avenue - Suite 700
Dallas, Texas 75219
Telephone:    (214) 651-5000
Facsimile:     (214) 651-5940

Elizabeth E. Klingensmith
Texas Bar No.: 24046496
Liz.klingensmith@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 76102
Telephone:    (713) 547-2592
Facsimile:     (713) 236-5495

**ATTORNEYS FOR KF FRANCHISING, LTD.**

**CERTIFICATE OF SERVICE**

In accordance with the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of this Response was served on Defendants on March 29, 2017 electronically through the electronic filing manager on the following counsel of record:

Fred Dietrich
fdietrich@dietrich-law.com
The Dietrich Law Firm
3730 Kirby Drive, Suite 1175
Houston, Texas 77098
(713) 830-7687 Telephone
(713) 893-6044 Facsimile

*/s/ Deborah S. Coldwell*
Deborah S. Coldwell

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**
**FIRST SUPPLEMENTAL SPECIAL APPEARANCES**                                     PAGE 6
16224266

Certified Document Number: 74458184 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 30, 2018

Certified Document Number:        74458184 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**