IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KF FRANCHISING, LTD., §
 §
　　　　Plaintiff, §
 §
v. § CIVIL ACTION NO. H-17-3849
 §
TASONE INC., STEVE BOLES, §
and RAZIJE ELEZ, §
 §
　　　　Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, KF Franchising, Ltd. ("Plaintiff"), brought this action against defendants, Tasone Inc., Steve Boles, and Razije Elez (collectively, "Defendants"). Pending before the court are Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") (Docket Entry No. 8), Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support ("Plaintiff's Response") (Docket Entry No. 14), and Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Defendants' Reply") (Docket Entry No. 17). For the reasons stated below, Defendants' Motion to Dismiss will be granted.

"A court sitting in diversity 'may exercise personal jurisdiction only to the extent permitted a state court under applicable state law.'" Dontos v. Vendomation NZ Limited, 582 F. App'x 338, 342 (5th Cir. 2014) (quoting Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997), cert. denied, 118

S. Ct. 691 (1998)). "In Texas, collateral estoppel precludes the relitigation of any ultimate issue actually litigated and essential to the judgment in the prior suit." Deckert v. Wachovia Student Financial Services, Inc., 963 F.2d 816, 819 (5th Cir. 1992) (citing Suber v. Ohio Medical Products, 811 S.W.2d 646, 652 (Tex. App.-- Houston [14th Dist.] 1991, writ requested)).

Plaintiff sued Defendants in a Texas state court for breach of a franchise agreement, breach of a guaranty, violation of the Texas Uniform Trade Secrets Act, and unfair competition.[1] Defendants filed a Verified Special Appearance seeking to dismiss the case for lack of personal jurisdiction and a Motions to Dismiss for Lack of Personal Jurisdiction.[2] Plaintiff filed a response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.[3] On March 31, 2017, the Texas court granted Defendants' Motions to Dismiss for Lack of Personal Jurisdiction.[4] The Texas court ordered that

---

[1]See Plaintiff's Verified Original Petition and Application for Permanent Injunction ("Original Petition"), Exhibit 1 to Motion to Dismiss, Docket Entry No. 8-1, pp. 11-15.

[2]See Defendants' Verified Special Appearances & Original Answers, Exhibit 3 to Defendants' Reply, Docket Entry No. 17-1; Defendants' Motions to Dismiss for Lack of Personal Jurisdiction & First Supplemental Special Appearances, Exhibit 4 to Defendants' Reply, Docket Entry No. 17-2.

[3]See Plaintiff's Response to Defendants' Motions to Dismiss for Lack of Personal Jurisdiction and First Supplemental Special Appearances, Exhibit 5 to Defendants' Reply, Docket Entry No. 17-3.

[4]Order Granting Motions to Dismiss for Lack of Personal Jurisdiction (Special Appearances) in the 215th Judicial District Court of Harris County, Texas ("Texas Order"), Cause No. 2016-65698, Exhibit 2 to Motion to Dismiss, Docket Entry No. 8-2, pp. 2-3.

> with the sole exception of plaintiff's breach of contract claims . . . all of plaintiff's claims, including KFF's claims involving intellectual property, misappropriation, trade secrets, infringement of trade marks or copyrights, violations of the Texas Uniform Trade Secrets Act, unfair competition, competition, breach of non-compete agreements, holding over and continuing to operate, and the breach of contract claims based upon these allegations, . . . are dismissed for want of jurisdiction."[5]

Instead of appealing the state court dismissal Plaintiff filed the pending action in this court for (1) "Breach of the Franchise Agreement—Covenant Against Competition" against all Defendants alleging that Defendants breached the Franchise Agreement by "owning, operating, accepting employment by and/or holding an interest in a bakery" and by violating the covenant; (2) violations of the Lanham Act for copyright infringement; (3) misappropriation of trade secrets; (4) breach of the franchise agreement against defendant Tasone; (5) breach of guaranty against defendants Boles and Elez; (5) violation of the Texas Uniform Trade Secrets Act; (7) unfair competition; and (8) attorneys' fees.[6] Plaintiff's Complaint is based on the same facts alleged in Plaintiff's Verified Original Petition in state court.

Plaintiff argues that the state court dismissed Plaintiff's claims for lack of subject matter jurisdiction, not personal jurisdiction, because the Texas court held that it lacked jurisdiction over Plaintiff's "claims" but "contained no rulings as

---

[5]Id.

[6]Plaintiff's Verified Complaint ("Complaint"), Docket Entry No. 1, pp. 11-28.

to jurisdiction over the Defendants' person or property."[7] Plaintiff therefore argues that collateral estoppel does not bar this action for lack of personal jurisdiction.[8]

The court is not persuaded by Plaintiff's arguments. It is clear from the state court record that the parties actually litigated the question of personal jurisdiction. Although the Texas court did not use the word "personal" or "in personam" jurisdiction, the court granted "defendants' Motions to Dismiss for Lack of Personal Jurisdiction (Special Appearances)" and concluded that "defendants' motions are meritorious."[9] Because the Texas court held that it did not have personal jurisdiction over Defendants, Plaintiff "cannot now seek to relitigate in federal court the personal jurisdiction issue which was the basis of the state court's order of dismissal." Deckert, 963 F.2d at 819. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 8) is therefore **GRANTED**, and this action will be dismissed for lack of personal jurisdiction.

**SIGNED** at Houston, Texas, on this the 18th day of April, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[7]Plaintiff's Response, Docket Entry No. 14, pp. 3-4.

[8]Id.

[9]Texas Order, Exhibit 2 to Motion to Dismiss, Docket Entry No. 8-2, p. 2.